## FIDELITY & CASUALTY CO. OF NEW YORK v. PITTENGER.

### No. 4969.

Circuit Court of Appeals, Third Circuit.

Feb. 28, 1933.

Edwards, Smith & Dawson, of Jersey City, N. J. (Edwin F. Smith and Charles M. James, both of Jersey City, N. J., of counsel), for appellant.

Ward Kremer, of Asbury Park, N. J. (Hayden Proctor, of Asbury Park, N. J., of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.

In the court below, the plaintiff, Mrs. Pittenger, the beneficiary in a policy of insurance issued by defendant company on the life of her husband, with a double indemnity clause in case his death resulted from "bodily injury sustained * * * through accidental means (excluding suicide, sane or insane, or any attempt thereat, sane or insane), and resulting directly, independently and exclusively of all other causes, in * * * death * * *," recovered a verdict and, on entry of judgment thereon, the defendant took this appeal.

The sole question here arising is whether the court erred in refusing defendant's request for binding instructions. No principle of law is involved and no precedent is established by our determination. The issue of suicide or accident was one which depended on the facts proven by different, and in some cases varying, witnesses and the inferences to be drawn therefrom, coupled with the fact of the absence of any motive on the part of the decedent to end his life. A recital of those proofs in detail would throw no light on insurance law and the case narrows itself to the question whether it was the duty of the trial judge to hold the decedent committed suicide, or whether it was the province of a jury to determine that question of fact.

The members of this court have individually studied the proofs and collectively discussed them, and we have reached the unanimous conclusion that, taken as a whole, men of reasonable minds could have fairly drawn the conclusion that the death of the insured was accidental and not suicidal. Such being the nature of the proofs and attendant circumstances, the trial court committed no error in refusing to decide the case was one of suicide. Consequently, its judgment is affirmed.